IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ROBERT FOLKS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| V. | : | NO. 5:25-cv-00304-CAR-ALS |
| | : | |
| **MARIE D. BRODER,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

# **ORDER**

Presently pending before the Court are a document that has been docketed as a *pro se* 42 U.S.C. § 1983 civil rights complaint and sixteen motions.[1] ECF Nos. 1-2, 4-6, 8-15, 17-19. As an initial matter, the docket in this case identifies both Robert Folks, an inmate in Coastal State Prison, and Laura Simmons, Mr. Folks's fiancé, as plaintiffs in this action. The filing used to initiate this case, however, lists only Mr. Folks as the Plaintiff. *See* ECF No. 1-1 at 1-2. Moreover, it does not appear that any claims are being raised personally by Ms. Simmons. *See generally* ECF No. 1 & 1-1. Therefore, the clerk is now **DIRECTED**

---

[1] Plaintiff has also filed a number of notices and letters to the Court. *See* ECF Nos. 7, 16, 21-23, & 25. In total, in just two months, Plaintiff has filed twenty-four documents in this case, many of which are repetitive of each other and several of which seek improper or unwarranted relief, as discussed in this Order. Plaintiff's barrage of documents is bordering on an abuse of the judicial process and slows the Court's ability to consider Plaintiff's case and other cases. Plaintiff should be aware that this Court has inherent authority to manage its docket, which can include issuing sanctions for violating court rules or court orders as well as for a plaintiff acting vexatiously. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1213, 1223 (11th Cir. 2017). In proceeding with this case, Plaintiff must follow the Local Rules for the Middle District of Georgia and the Federal Rules of Civil Procedure. Moreover, Plaintiff is not to file excessive or repetitive motions.

to remove Ms. Simmons as a plaintiff in this case. Hereafter, Mr. Folks will be referred to as Plaintiff in this order, and Ms. Simmons will be referred to by name. Plaintiff's filings in this case are addressed in turn below.

    I.    <u>Initiating Documents and Order to Recast</u>

This case was initiated when Plaintiff filed a 149-page packet of documents, which includes a "notice of criminal violations and referral request," a civil cover sheet, a cover letter for a "federal removal package," an "emergency affidavit," and a power of attorney form, among other things. ECF No. 1. Other than the power of attorney form, many of the documents in this packet appear to have been signed by Ms. Simmons on behalf of Plaintiff.[2]

Parties may "conduct their own cases personally or by counsel," 28 U.S.C. § 1654, but a non-lawyer cannot represent a party in court. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam). This is true even when the non-lawyer holds a power of attorney for the person they are purporting to represent. *See Miller v. Byers*, 833 F. App'x 225, 226 n.1 (11th Cir. 2020) (per curiam) (concluding that a party could not be represented by his non-attorney father notwithstanding the father's claim that he held power of attorney). Thus, Ms. Simmons cannot represent Plaintiff in this Court.

In a recent filing, Plaintiff included an affidavit purporting to clarify Ms. Simmons' role in this case. The affidavit states that she is not acting as an attorney but as Plaintiff's

---

[2]The signature on Plaintiff's signature line in most of these documents appears to be different from his signature on the power of attorney form. *Compare* ECF No. 1 at 1 *with* ECF No. 1-16 at 3. Moreover, the signature on Plaintiff's signature line in these documents appears similar to Ms. Simmons's signature. *See, e.g.*, ECF No. 1 at 1.

"legal agent for the handling, mailing, filing, and preparation of documents." ECF No. 23-4. It is permissible for Ms. Simmons to help Plaintiff by doing things such as mailing documents for him, but Fed. R. Civ. P. 11(a) requires every pleading, motion, and paper signed by a *pro se* party to be signed by that "party personally." Thus, Ms. Simmons cannot sign documents on Plaintiff's behalf.

Regardless, even assuming that Plaintiff did sign these documents, as discussed in the following sections, this packet does not contain a proper notice of removal or a pleading to initiate a civil case. Thus, if he wants to proceed with this action, Plaintiff must file a 42 U.S.C. § 1983 complaint, which he must personally sign.

    A.    <u>Notice of Criminal Violations</u>

The first document in the packet is labeled as a "notice of criminal violations and referral request." ECF No. 1. In it, Plaintiff asks this Court to refer eleven individuals to the United States Department of Justice, the Federal Bureau of Investigation, the Office of Inspector General, and the United States Attorneys Office for the Middle District of Georgia for investigation of "potential criminal liability." *Id.* at 1. The individuals that plaintiff lists include people involved in a criminal case against Plaintiff in Upson County as well as members of the prison staff at Coastal State Prison. *Id.* at 1-2.

A private citizen "has no judicially cognizable interest in the prosecution or non-prosecution of another" citizen. *See Otero v. United States Atty. Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam). Moreover, it is the role of this Court to adjudicate cases before it, not to help plaintiffs seek the prosecution of other individuals. *See Freeman v. Fine*, 820 F. App'x 836, 839 (11th Cir. 2020) (per curiam) ("[A] federal court does not

3

order the prosecution of individuals at the request or invitation of a disgruntled plaintiff."). Therefore, Plaintiff's request that this Court refer these individuals to various agencies for investigation is **DENIED**.

      B.    <u>Removal</u>

Plaintiff also included in this packet a "cover letter for federal removal package," which he seems to have intended as a notice of removal of a criminal court action that was proceeding against him in the Superior Court of Upson County, Georgia. ECF No. 1-2 at 1. Plaintiff attached to the cover letter an affidavit with exhibits; a civil cover sheet and summons form; a power of attorney form giving Ms. Simmons power of attorney over Plaintiff; and statements alleging falsification of evidence, Americans with Disabilities Act ("ADA") violations, denial of medical care, and "obstruction of due process by state and local officials." *Id.*; ECF Nos. 1-3 through 1-16.

A defendant attempting to remove a criminal prosecution from a State court to a federal district court must "file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). No notice of removal was included in this packet. Moreover, Plaintiff did not include any of the "process, pleadings, [or] orders served upon [him]" in the criminal case. Thus, this filing was not effective as a notice of removal.[3]

---

[3]Notably, when the packet was filed in this Court, the case was docketed as a 42 U.S.C. § 1983 civil rights complaint.

Even if the filing had been effective as a notice of removal, Plaintiff's case does not present any proper grounds for removal of his state criminal case to this Court. Federal law includes two statutes that allow for removal of a state court criminal action to federal court, 28 U.S.C. §§ 1442 and 1443. Under § 1442, a criminal prosecution may be removed if it is filed against a federal officer for an "act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue."[4] Plaintiff does not allege that he is a federal officer being prosecuted for an act conducted under color of that office. Thus, § 1442 does not apply

With regard to § 1443, that statute provides for removal of criminal prosecutions brought in state court against a "person who is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).[5] The United States Supreme Court has interpreted the phrase regarding equal civil rights "to mean any law providing for specific civil rights stated in terms of racial

---

[4]This statute also allows for removal in certain circumstances when a civil action or criminal prosecution is brought in state court against the United States, a federal agency, a "property holder whose title is derived from [a federal] officer" an officer of the federal courts, and "[a]ny officer of either House of Congress." 28 U.S.C. § 1442(a). Similarly, 28 U.S.C. § 1442a provides for removal of a criminal prosecution against "a member of the armed forces of the United States on account of an act done under color of his office or status." None of these situations apply here.

[5]Under subsection (2), a criminal action may be removed to federal court if it is a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Plaintiff alleges no facts suggesting that he is being prosecuted for acting under color of a law providing for equal rights or for refusing to do an act that would be inconsistent with such law. Thus, § 1443(2) also does not apply here.

5

equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Thus, in order to remove a state criminal case under § 1443(1), "the defendant must show that the removal is predicated on a federal law 'providing for specific civil rights stated in terms of racial equality,'" and "that he has been denied or is unable to enforce that civil right in the state court." *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (per curiam) (first quoting *Rachel*, 384 U.S. at 792, and then citing *Rachel*, 384 U.S. at 794).

Plaintiff's filings show that he was prosecuted in relation to a vehicle accident.[6] *See, e.g.*, ECF No. 1-5 at 3-5. Plaintiff alleges that he has been subjected to a number of constitutional violations, but Plaintiff does not assert, and nothing in his filings suggests, that he has been denied any right under a law based on racial equality. Thus, § 1443(1) does not permit removal of the state court criminal proceeding against Plaintiff to this Court.

---

[6]Plaintiff improperly filed a packet of discovery materials, which included a copy of his indictment showing that he was charged with two counts of driving under the influence, two counts of homicide by vehicle in the first degree, one count of failure to maintain lane, and one count of homicide by vehicle in the second degree. *See* ECF No. 20-2. Publicly available records from the Upson County Clerk of Court show that five of those offenses were merged into a charge of homicide by vehicle in the first degree, which resulted in a guilty verdict. *See* Dockets, https://upsonclerkofcourt.com/mainpage.aspx (clicked "Criminal Search" and searched case number "22R0361") (last visited September 22, 2025). Plaintiff disputes the authenticity of these records insofar as he asserts that he did not waive arraignment despite a notation on the docket noting a waiver of arraignment. Thus, the Court will not take judicial notice of the records at this time. Regardless, it is not necessary to consider the Upson County docket in resolving the issues presented in this case.

In addition to the purported removal packet, Plaintiff has also filed two motions for removal.[7] ECF Nos. 9 & 12. In the first motion, Plaintiff asserts that he originally retained counsel in his state court case, but he dismissed that attorney because Plaintiff was unsatisfied with the representation. ECF No. 9 at 1. A public defender was then assigned to Plaintiff. *Id.* Plaintiff also was unhappy with her representation of Plaintiff and sought to have her withdraw from his case. *Id.* at 1-2. The public defender also sought to withdraw and was allowed to do so "without court resistance." *Id.* at 2. Plaintiff was not subsequently provided with "proper replacement counsel" or allowed to properly defend himself. *Id.* at 3. Plaintiff asserts that the actions constituted "gross attorney abandonment, Sixth Amendment violations, and due process violations under both state and federal Constitutional law." *Id.* Plaintiff contends that a federal question rises under 28 U.S.C. § 1331, and he "demands immediate federal review." *Id.*

In the second motion, Plaintiff asserts that the District Attorney placed fraudulent evidence in the record in his criminal case. ECF No. 12 at 1-3. Plaintiff alleges that the District Attorney and "other state actors" have worked to "attempt to turn an unfortunate accident into a criminal case" and have committed violations of the Racketeer Influenced and Corrupt Organizations Act. *Id.* at 2-3.

As with the original packet of materials, no notice of removal appears in these motions nor do they include any of the state court documents that are required to be attached to a notice of removal. *See* 28 U.S.C. § 1455(a). They also do not identify any

---

[7]These motions appear to have been signed by Plaintiff personally. *See* ECF No. 9 at 3-4; ECF No. 12 at 3; ECF No. 12-2 R 4.

7

proper grounds for removal. In the motions, Plaintiff cites 28 U.S.C. § 1331, but that statute provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." That statute has no bearing on Plaintiff's motion to remove the criminal case against him to this Court.

Thus, the Court now concludes that removal is not proper in this case. Accordingly, for the reasons discussed above, Plaintiff's motions for removal (ECF Nos. 9 & 12) are **DENIED**.[8]

      C.    <u>Civil Rights Complaint</u>

In addition to the above-discussed documents, Plaintiff filed a civil cover sheet identifying himself as the plaintiff in this case and various individuals as defendants. ECF No. 1-1 at 1-4. Plaintiff's cover sheet indicates that he is raising claims under 42 U.S.C. § 1983 and the ADA, among other provisions. *Id.* at 3. It also states that he is seeking monetary, injunctive, and declaratory relief. *Id.* This document suggests that Plaintiff may have intended to proceed with a civil rights action in this Court, and indeed, this case was docketed as a 42 U.S.C. § 1983 case. Plaintiff, however, has not filed a civil rights complaint on a 42 U.S.C. § 1983 form.

Therefore, if he wants to proceed with a civil rights action, Plaintiff is now **ORDERED** to file a complaint on the § 1983 form. The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes

---

[8] As discussed above, Plaintiff did not file a notice of removal that complies with 28 U.S.C. § 1455, and this case was docketed as a 42 U.S.C. § 1983 case rather than as a removed criminal case. Thus, there is nothing to remand to the state court.

to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions.[9] Plaintiff must complete the entire complaint form.

Plaintiff's recast complaint **shall take the place of and supersede all allegations made in the original pleading and any filings that Plaintiff has filed in this case to date**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit must be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Plaintiff's complaint shall not exceed ten pages. Plaintiff shall have

---

[9] When setting forth any claims he seeks to raise, Plaintiff should be aware that this Court is not permitted to interfere with ongoing state court criminal proceedings except in limited situations. *See Younger v. Harris*, 401 U.S. 37 (1971). Additionally, if Plaintiff has been convicted on state charges, and he is attempting to raise claims in this case that would invalidate his conviction, those claims will generally be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), if the conviction has not previously been invalidated. To the extent that he wants to challenge the "fact or duration of his confinement," Plaintiff must do so through a petition for a writ of habeas corpus. *Id.* at 486-87. However, Plaintiff must exhaust his available state court remedies before he will be able to proceed with a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies").

**FOURTEEN (14) DAYS** from the date of this order to file any recast complaint consistent with the instructions herein.

    II.        Motion to Proceed *In Forma Pauperis*

If he wants to proceed with a civil rights complaint, Plaintiff must either prepay the full filing fee for his case or obtain leave to proceed *in forma pauperis*. To that end, Plaintiff has filed two motions to proceed in this case *in forma pauperis*. ECF Nos. 2 & 6. As it appears Plaintiff is unable to prepay the cost of commencing this action, his applications to proceed *in forma pauperis*, ECF Nos. 2 & 6, are hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds to do so, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.[10] 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows his average monthly deposits for the six months before he filed the complaint amounted to $126.00. ECF No. 6-1 at 1. Twenty percent of $126.00 is $25.20. Accordingly, it is hereby **ORDERED** that Plaintiff

---

[10]It has been noted on Plaintiff's motion to proceed *in forma pauperis* that money in his account has been gifted to Plaintiff. The statute refers to the average monthly balance and average monthly deposits; nothing in the statute excepts money from consideration based on its source. *See* 28 U.S.C § 1915(b)(1). Thus, it is of no consequence that the money in Plaintiff's account has been gifted to him. *See Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (considering money sent from family members in determining whether an inmate had funds to pay an initial partial filing fee).

pay an initial partial filing fee of $25.20.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

      A.     Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. <u>Plaintiff's Obligations Upon Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

III. <u>"Emergency Motion and Affidavit of Constitutional Violations"</u>

Plaintiff has filed two motions, each of which he has titled as an "emergency motion and affidavit of constitutional violations." ECF Nos. 8 & 10. In the first such motion, Plaintiff asserts that, since he has been detained at Coastal State Prison, he has been denied access to the law library and legal materials; prison officials have interfered with his legal mail; he has been subjected to retaliation; and he has been denied medical care. ECF No. 8 at 2. Plaintiff asks that the Court "review and act upon" these alleged violations. *Id.* at 3. In the second of these motions, Plaintiff makes similar allegations of mail tampering, denial of access to the Courts, retaliation, and due process violations. ECF Nos. 10 & 10-1. Plaintiff asks for an evidentiary hearing, a protective order against retaliation, "issuance of subpoenas and preservation of grand jury transcripts," and dismissal of his state court proceedings. ECF No. 10-1 at 2.

Plaintiff appears to be seeking injunctive relief relating to these allegations that his constitutional rights are being violated. A temporary restraining order ("TRO") or

preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[11] Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

At this time, none of the factors weigh in favor of granting a TRO or preliminary injunction. As discussed above, Plaintiff has not yet filed a complaint in this case. Thus, it is not clear what claims he is attempting to bring before the Court, much less that he has a substantial likelihood of success on those claims. Moreover, *Younger v. Harris*, 401 U.S. 37 (1971), prevents the Court from interfering in Plaintiff's criminal case, and the other injunctive relief that Plaintiff is seeking appears to be quite broad. Thus, the Court concludes that Plaintiff has not established that such relief is necessary to prevent irreparable injury, that any such injury outweighs the potential harm of injunctive relief, or

---

[11]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

that injunctive relief would serve the public interest.  Therefore, these motions (ECF Nos. 8 & 10) are **DENIED**.[12]

### V.   Motion to Enter into Evidence

The next motion before the Court is Plaintiff's "motion to enter into evidence."  ECF No. 11.  In this motion, Plaintiff asserts that he has a disability within the scope of the ADA and that he has been denied reasonable accommodations.  ECF No. 11 at 3.  He includes additional allegations about being subjected to searches, mail tampering, and retaliation.  *Id.* at 4.  To the extent that Plaintiff is seeking to assert claims of constitutional violations, he may include such claims in a § 1983 complaint filed pursuant to the instructions in this order.  To the extent that he is seeking injunctive relief through this motion, Plaintiff is not entitled to such relief for the reasons discussed above.  Therefore, this motion (ECF No. 11) is **DENIED**.

### VI.   Motion to Dismiss Charges

Plaintiff has filed a motion seeking to have the state court criminal charges against him dismissed.  ECF No. 13.  As discussed above, outside of certain circumstances not relevant here, the federal district courts are prohibited from interfering with ongoing state court criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Moreover, the sole federal remedy for a prisoner to challenge the fact or duration of his confinement is through a petition for a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical

---

[12]There were affidavits attached to these motions.  ECF Nos. 8-1, 8-2, 8-3, & 10-5.  Nothing in these affidavits changes the Court's conclusion regarding injunctive relief.

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). And before a state prisoner may file a federal habeas corpus petition, he must exhaust his state court remedies.

For these reasons, this motion is not a proper method of challenging the ongoing state court proceedings or of seeking dismissal of the state charges against him. Accordingly, the motion to dismiss charges (ECF No. 13) is **DENIED**.

VII.   Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel, asserting that this case presents complicated issues and that, as a non-attorney, he is not as well-equipped to represent himself in this case. ECF No. 14. Plaintiff also filed affidavits in support of his motion in which he asserts that he is a victim of state officials and that he was illegally arrested. ECF Nos. 14-2 &14-3.

A district court "may request an attorney to represent any person unable to afford counsel."[13] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted). Appointment of counsel is "instead a

---

[13]The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

15

privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* (citations omitted). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff's case is not particularly complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Therefore, the motion for appointment of counsel (ECF No. 14) is **DENIED**.

VIII. <u>Motion for Relief from the Judgment</u>

Plaintiff has filed a motion for relief from the judgment citing Fed. R. Civ. P. 60(b)(3) and (4).[14] ECF No. 24. Plaintiff does not identify the judgment from which he is seeking relief but states that "a chief administrator" has been attempting to conduct post-trial matters in his criminal proceeding. *Id.* at 1.

Fed. R. Civ. P. 60(b) provides a method for a party in a federal criminal proceeding to seek relief from a final judgment or order entered in that case. Nothing in this rule permits a federal district court to enter an order providing a party relief from a judgment or otherwise interfering with a state court proceeding. Therefore, this motion (ECF No. 24) is **DENIED**.

IX. <u>Motions Signed Only By Ms. Simmons</u>

The remaining motions in this case have been signed by only Ms. Simmons. These include a motion for jury trial (ECF No. 4); a motion to appoint counsel (ECF No. 5); three motions to stay state court proceedings (ECF Nos. 15, 17, & 19); and a motion for judicial review (ECF No. 18). As discussed above, Ms. Simmons may not represent Plaintiff, which means that she cannot sign and file motions on his behalf. These motions (ECF Nos. 4-5, 15, 17-19) are therefore **DENIED** without prejudice to Plaintiff's right to file such motions on his own behalf. Plaintiff should take caution, however, that to the extent

---

[14]It is not clear that Plaintiff signed this motion personally. Although there is a signature line bearing his signed name, the signature appears to be in Ms. Simmons' handwriting, and under Plaintiff's signature line, it states that it is filed "By and through Attorney-in-Fact/POA:" Ms. Simmons. ECF No. 24 at 2. Ms. Simmons is cautioned that she is not to sign Plaintiff's name on documents filed in this Court. Regardless, assuming that Plaintiff did sign this document, he is not entitled to any relief based on the motion.

17

that these motions seek relief that this Court has already addressed, they may be considered repetitive or vexatious.

X.   Conclusion

Therefore, as set forth above, Plaintiff's motions for removal (ECF Nos. 9 & 12) are **DENIED**.  If he wants to proceed with this case as a 42 U.S.C. § 1983 civil rights case, Plaintiff is **ORDERED** to file a complaint on the Court's form within **FOURTEEN (14) DAYS** of the date of this order.

Additionally, Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2 & 6) are **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $25.20. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements to ensure that the initial partial filing fee is paid in accordance with this Order.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff's failure to pay the initial partial filing fee will result in the dismissal of this action.

Plaintiff's remaining motions (ECF Nos. 4, 5, 8, 10, 11, 13-15, 17-19, & 24) are **DENIED** for the reasons set forth in this order.  Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The clerk is **DIRECTED** to forward Plaintiff a blank copy of the prisoner 42 U.S.C. § 1983 form with his service copy of this order (with the civil action number showing on both).  There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 22nd day of September, 2025.

s/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT