IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ROBERT FOLKS,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **V.** | **:** | **NO. 5:25-cv-00304-CAR-ALS** |
| | **:** | |
| **MARIE D. BRODER,** *et al.*, | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| _____ | **:** | |

## ORDER OF DISMISSAL

I.      Background

Plaintiff Robert Folks, an inmate in Coastal State Prison, initiated this case by filing a 149-page packet of documents that included a civil cover sheet and a cover letter for a "federal removal package," among other things.  ECF No. 1.  On review of these documents, it appeared that Plaintiff was attempting to remove his state court criminal case to this Court.  This Court found, however, that the packet did not include a notice of removal that complied with statutory requirements and that, regardless, removal of Plaintiff's criminal case to this Court was not appropriate.  ECF No. 26 at 4-8.  Therefore, the Court concluded that Plaintiff's criminal case had not been removed to this Court by the packet and denied motions for removal that Plaintiff had filed.  *Id.* at 8.

Because Plaintiff also included a civil cover sheet and appeared to be trying to raise 42 U.S.C. § 1983 claims and Americans With Disabilities Act ("ADA") claims, he was given an opportunity to recast his complaint.  *Id.* at 8-10.  Plaintiff was instructed to file

his recast complaint on a § 1983 complaint form that was provided to him, to clearly identify the defendants that he wanted to name, and to explain exactly how each defendant had violated his federal rights. *Id.* at 8-9. Plaintiff was told that, "[t]he Court [would] only consider factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form." *Id.* at 9. Additionally, Plaintiff was instructed to limit his complaint to ten pages. *Id.*

The order to recast also informed Plaintiff that this Court could not "interfere with ongoing state court criminal proceedings except in limited situations." ECF No. 26 at 9 n.9 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Moreover, Plaintiff was told that, if he had been convicted and was trying to raise claims that would invalidate his conviction, such claims would generally be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* And Plaintiff was cautioned that any challenge to the "fact or duration of his confinement" must be made through a petition for a writ of habeas corpus, which could only be filed after Plaintiff had exhausted his state court remedies. *Id.*

Plaintiff was also cautioned that the "barrage of documents [he had filed was] bordering on an abuse of the judicial process," which could result in "sanctions for violating court rules or court orders *as well as for a plaintiff acting vexatiously*." *Id.* at 1 n.1 (emphasis added). Plaintiff was expressly told that he was "not to file excessive or repetitive motions." *Id.* Finally, Plaintiff was informed that his failure to fully and timely comply with the Court's order may result in the dismissal of this case. *Id.* at 18.

II.     Plaintiff's Subsequent Filings

Following entry of the order to recast, Plaintiff filed two recast complaints (ECF

Nos. 27 & 28) and two petitions for habeas corpus (ECF Nos. 29 & 33), none of which was on the § 1983 form provided to Plaintiff. *See generally* ECF Nos. 27 -30. Plaintiff acknowledges that he did not use the form in his recast complaints but states that they nevertheless "follow[] the Court's directive and contain[] the substantive content required by the standard prisoner § 1983 form." ECF No. 27 at 10; ECF No. 28 at 10.

This statement is patently untrue. In addition to not following the Court's specific order for Plaintiff to file his claims on the provided form, Plaintiff's recast complaints omit a significant amount of the information included on the Court's form. In particular, Section I of the Court's § 1983 form asks for "General Information" including the location where the plaintiff is confined and information about his conviction. Section II of the form asks about previous lawsuits that the plaintiff has filed.[1] And Section III asks about Plaintiff's attempts to exhaust his administrative grievances, as well as the location and dates of any previous terms of confinement. Plaintiff did not include any of these sections in either of his recast complaints, nor did he supply the requested information. *See generally* ECF Nos. 27 & 28. Moreover, although Plaintiff was instructed to limit his recast

---

[1] One reason that this information is requested is to tell the Court whether a plaintiff has previously brought claims against the same defendants or relating to the same facts as those presented in the complaint. In this case, Plaintiff includes as defendants attorneys Ronald J. Ellington and Brent Hutchinson from Virgil L. Brown and Associates, as well as public defender Joyce Bussey. *See* ECF No. 28 at 3. Plaintiff previously filed a case against these same defendants in the Southern District of Georgia, which that court dismissed, explaining that private parties are rarely viewed as state actors under § 1983 and that Plaintiff had not stated a federal claim against them. Order Dismissing Complaint, *Folks v. Virgil Brown & Assoc.*, Case No. 4:24-cv-00133-CLR (S.D. Ga. Jul. 18, 2024), ECF No. 8. Plaintiff appears to be attempting to bring similar claims against these defendants in the present action as the ones that he brought in the Southern District, but he neglected to tell the Court about his previous case against these defendants.

3

complaint to ten pages, the second recast complaint, with attachments, is twenty-seven pages. *See* ECF No. 28. Thus, Plaintiff's recast complaints do not comply with the Court's order to refile his complaint on the § 1983 form.

Additionally, many of Plaintiff's claims in his recast complaint appear to be aimed at challenging the state court criminal proceedings, which the order to recast explained were not properly before this Court. Besides including claims relating to those proceedings in the main section of his complaint, Plaintiff added sections labeled "Petition for Writ of Habeas Corpus" in both of his recast complaints, ECF Nos. 27 at 7; 28 at 7, and he filed two additional petitions for writs of habeas corpus. ECF Nos. 29 & 33.

Habeas corpus cases and § 1983 civil rights cases are mutually exclusive, such that Plaintiff cannot pursue both types of relief in this same action. Moreover, Plaintiff was informed that he would have to exhaust his administrative remedies before he could file a habeas petition, and it does not appear possible that Plaintiff could have exhausted his state court remedies at this time. Indeed, to exhaust, a prisoner must "fairly present[]" every issue raised in the petitioner's federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When he initiated this case, Plaintiff was attempting to remove his active state court criminal proceeding to this Court. Thus, as Plaintiff's criminal case was ongoing when this case was filed, Plaintiff has not had time to exhaust his state court remedies, and nothing in the filings before the Court indicates that he has done so.

In addition to the recast complaints and habeas petitions, Plaintiff has filed twelve "notices" (ECF No. 30, 43, 103, 105, 107-11, 115, 125-26), a "rebuttal and jurisdictional challenge" (ECF No. 35), seven sets of affidavits ranging from six pages to seventy-five pages (ECF No. 38, 54, 61, 63, 92, 102, 114), and seventy motions (ECF Nos. 31, 32, 36, 37, 39-42, 44-47, 49-53, 55, 56, 58-60, 65-91, 93-100, 104, 106, 112, 113, 116-24). Plaintiff has also filed a notice of interlocutory appeal, which was dismissed by the Eleventh Circuit for failure to prosecute.[2] ECF Nos. 48 & 101.

The sheer number of filings is excessive, in direct defiance of the Court's order that Plaintiff not file excessive motions. On November 26, 2025, alone, Plaintiff filed twenty-six motions. ECF Nos. 65-90. These excessive motions burden the Court's resources and slow down the resolution of cases.

Not only are Plaintiff's filings excessive, they are impermissibly repetitive. The vast majority of Plaintiff's motions and affidavits relate to the same allegations that the state court proceedings were tainted by certain irregularities. As has already been explained, Plaintiff's state court case was not removed to this Court, this Court generally cannot interfere with an ongoing state criminal case, any § 1983 claims that would invalidate an existing conviction are generally barred under *Heck*, and Plaintiff must first

---

[2]Plaintiff has filed a motion to reinstate his appeal in the Eleventh Circuit. *Folks v. Broder*, Appeal No. 25-14079. That Court indicated that no action would be taken on Plaintiff's motion because he had not remedied the basis for dismissal by, among other things, paying the filing fees or filing a motion in this Court for leave to proceed on appeal *in forma pauperis*. To the extent that Plaintiff's appeal is not reinstated, his pending motions to proceed on appeal *in forma pauperis* are moot. Nevertheless, if the Eleventh Circuit were to reinstate Plaintiff's appeal, those motions would not be moot. Therefore, they are addressed separately from Plaintiff's other pending motions below.

exhaust his state court remedies before he may proceed on a habeas corpus petition in this Court. Thus, in addition to being repetitive, Plaintiff's motions largely seek relief that is not available in this case.

III.    Sanctions

In light of the above, the Court finds that Plaintiff has defied the Court's order to refile his complaint on the proper form and the Court's order not to file excessive or repetitive motions. The Court further finds that Plaintiff has acted vexatiously in this case to the extent that sanctions are appropriate.

This Court has inherent authority to manage its docket, which includes the power to dismiss a case as a sanction for a party's behavior. *McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (quoting *Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Given the volume and repetition of Plaintiff's motions and affidavits, the Court finds that Plaintiff's conduct in this case warrants the sanction of dismissal without prejudice. Therefore, the Court now **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint and **DENIES** all of Plaintiff's pending motions other than his motions for leave to proceed *in forma pauperis* on appeal, (ECF Nos. 31, 32, 36, 37, 39-42, 44-47, 49-53, 55, 56, 58-60, 66-91, 93-100, 104, 106, 112, 113, 116-20, 122-24), which are addressed below.

IV.    Motions to Proceed *In Forma Pauperis* on Appeal

On November 26, 2025; January 7, 2026; and February 26, 2026,[3] Plaintiff filed in this Court motions for leave to proceed on appeal *in forma pauperis*.  ECF Nos. 65, 106, & 121.  Plaintiff's notice of appeal states that it is precautionary "to preserve all appellate rights from any final judgment or appealable order entered in [this] matter."  ECF No. 48 at 1.  The order to recast Plaintiff's complaint was the only order that had been entered at that time, and it was not a final judgment or an otherwise appealable order.  *See* ECF No. 26.

Moreover, to the extent that Plaintiff's notice of appeal could be construed as an appeal from this dismissal, the Court concludes that Plaintiff cannot raise a non-frivolous issue on appeal.  In particular, Plaintiff has not identified any non-frivolous issue with regard to the order to recast.  And the dismissal of Plaintiff's case without prejudice as a sanction for his excessive filings, which were in direct contravention of this Court's prior order, is within this Court's discretion.  Therefore, the Court finds that there is no good faith basis for Plaintiff to appeal.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

Plaintiff's motions to appeal *in forma pauperis* are therefore **DENIED**.  If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial

---

[3]The February 26 motion also requests a certificate of appealability.  ECF No. 121. Because this is not a habeas corpus proceeding, no certificate of appealability is required. Therefore, that portion of the motion is **DENIED AS UNNECESSARY**.

7

payment plan described under 28 U.S.C. § 1915(b).  Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

      V.     <u>Conclusion</u>

As set forth above, Plaintiff's case is now **DISMISSED WITHOUT PREJUDICE**, and his pending motions other than the motions for leave to appeal *in forma pauperis* (ECF Nos. 31-32, 36-37, 39-42, 44-47, 49-53, 55-56, 58-60, 66-91, 93-100, 104, 106, 112, 113, 116-20, 122-24) are **DENIED** as a sanction for his vexatious behavior in this case to date.  Plaintiff's motions to proceed *in forma pauperis* on appeal (ECF Nos. 65, 106, & 121) are **DENIED** for the reasons set forth above.

      **SO ORDERED**, this 18th  day of March, 2026.


              s/ C. Ashley Royal
              C. ASHLEY ROYAL, SENIOR JUDGE
              UNITED STATES DISTRICT COURT